Eugene B. Chittock, SBN 214532
LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130
Telephone: (530) 257-9351
echittock@chittocklaw.com

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:    (818) 347-3333
Fax:    (818) 347-4118

*Attorneys for All Plaintiffs*

# IN THE UNITED STATE DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

YADIRA BERENICE JASSO,
individually and as successor-in-interest to
Alexander Jasso; A.J., by and through her
Guardian ad Litem, Priscilla Rendon,
individually and as successor-in-interest to
Alexander Jasso; JAVIER JASSO and
DONNA JASSO, individually

        *Plaintiffs,*

    v.

DOES 1-50, in their individual capacities,

        *Defendants.*

Case No.: 2:25-at-01125

## COMPLAINT FOR DAMAGES

1.  Violation of Civil Rights—Failure to Protect – Eighth Amendment (42 U.S.C. § 1983)
2.  Violation of Civil Rights – Fourteenth Amendment (42 U.S.C. § 1983)
3.  Negligence (Wrongful Death and Survival) (Cal Gov't Code § 844.6(d))
4.  Violation of the Bane Act (Cal. Civil Code § 52.1)
5.  **Failure to Summon Medical Care (Cal. Gov. Code § 845.6)**

[Demand for Jury Trial]

Plaintiffs, YADIRA BERENICE JASSO, individually and as successor-in-interest to

Alexander Jasso; A.J., by and through her Guardian ad Litem, Priscilla Rendon, individually and

LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130

LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130

as successor-in-interest to Alexander Jasso; and JAVIER JASSO and DONNA JASSO, individually, hereby allege as follows:

## JURISDICTION, VENUE & PARTIES

1.      This case arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1334. In addition, this Court has pendant and supplemental jurisdiction pursuant to Title 28 of the United States Code, Section 1367 over the state law claims alleged in this complaint.

2.      The unlawful acts and practices alleged herein occurred in the County of Lassen, State of California, within this judicial district. Therefore, venue lies in the United States Court for the Eastern District of California.

3.      Plaintiff Yadira Berenice Jasso ("YADIRA JASSO") is of the age of majority and a citizen of California, residing in Fresno County, California. YADIRA JASSO was lawfully married to Decedent at the time of his death.

4.      Plaintiff Donna Jasso ("DONNA JASSO") is of the age of majority and a citizen of California, residing in Fresno County, California. DONNA JASSO is the natural mother of Decedent. DONNA JASSO brings this action individually.

5.      Plaintiff Javier Jasso ("JAVIER JASSO") is of the age of majority and a citizen of California, residing in Fresno County, California. JAVIER JASSO is the natural father of Decedent. JAVIER JASSO brings this action individually.

6.      Plaintiff A.J. is a minor, and brings this action by and through her guardian ad litem and natural mother, Priscilla Rendon. A.J. resides in Tulare County, California. A.J. is the biological child of Decedent.

7.      Plaintiffs YADIRA JASSO and A.J. bring this action individually and as successors-in-interest to Decedent Alexander Jasso ("Decedent"), who was a citizen of California, and prisoner in the custody of California Department of Corrections and Rehabilitation. At the time of his death, Decedent was incarcerated at High Desert State Prison ("HDSP") in Susanville, California.

8.      State of California - Department of Corrections and Rehabilitation ("CDCR") is a

**COMPLAINT FOR DAMAGES**

LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130

1   government entity authorized by law to establish certain departments responsible for enforcing

2   the law and protecting the welfare of citizens in the State of California. At all times mentioned

3   herein, CDCR was responsible for overseeing the operation, management and supervision of

4   HDSP, and certain unknown DOE Defendants, employed by CDCR as peace officers/medical

5   staff. CDCR promulgates policies and procedures that are implemented at HDSP.

6          9.     Plaintiffs are informed and believe and thereon allege that Defendants DOES 1 to

7   50 are individuals residing in the State of California and employed by CDCR as peace officers

8   and medical personnel at HDSP. At all relevant times, DOES 1-50 were acting in the course and

9   scope of their employment, under the color of law as officers/staff of CDCR. The true names of

10  Defendants DOES 1 to 50 are presently unknown to Plaintiffs (collectively the "DOE

11  Defendants"). Despite Plaintiffs' efforts to obtain the specific identities of such CDCR staff prior

12  to filing suit, CDCR refused to provide reports surrounding Decedent's death, such that the

13  names of the particular staff involved are not known to Plaintiffs. DOES 1 to 50 are correctional

14  officers, sergeants, lieutenants, medical staff, or other authorized employees of CDCR. Plaintiffs

15  are informed and believe and thereon allege that each of the DOE Defendants are legally

16  responsible in some manner for the events and damages referred to herein and legally and

17  proximately caused damage to plaintiffs. When the true identities of the DOE Defendants are

18  ascertained, plaintiffs will seek leave of court to amend this complaint. *See, e.g.*, *Bivens v. Six*

19  *Unknown Named Agents of Federal Bureau of Narcotics* (1971) 403 U.S. 388, 390, fn. 2. All

20  DOE Defendants are sued in their individual capacities.

21         10.    CDCR was at all relevant times operating, maintaining, managing and doing

22  business as HDSP, a State owned and operated correctional and rehabilitation facility for men in

23  California, and as such assumed the responsibility of providing a Constitutionally mandated level

24  of safety to inmates housed within HDSP as wards of the State. Similarly, CDCR was responsible

25  for overseeing the day-to-day operations and security of the prison. All of the acts complained of

26  in the complaint were done and performed by the DOE Defendants as authorized agents, servants

27  and/or employees acting within the course and scope of their employment by CDCR. CDCR

28  ratified all of the acts complained of herein.

11.     Prior to filing this lawsuit, Plaintiffs filed a late claim for damages with CDCR and the Department of General Services with respect to State law claims. The claim was denied by operation of law, and Plaintiffs sought relief from the claim filing requirements in the Lassen County Superior Court. Ultimately, Lassen County Superior Court issued an order on August 8, 2025, granting the relief from claim presentation requirements as to A.J., making A.J.'s claim timely in compliance with the California Tort Claims Act.

## GENERAL ALLEGATIONS

12.     At all relevant times until his death on August 26, 2023, Decedent was imprisoned at HDSP in Susanville, California.

13.     On August 26, Decedent was in FCB8 Section A ("Charlie Yard Day Room") of High Desert State Prison ("HDSP") when he was attacked by another inmate armed with a knife at approximately 4:16 p.m. This area is indoors and contains two tables and two benches where inmates can watch television, play cards, etc.

14.     Just before the assault began, Decedent was sitting at one table while the assailant was seated at the other. No HDSP staff were present in the room. As the Decedent's back was turned, he did not see the assailant until the first stab wound was inflicted. The assailant then inflicted multiple stab wounds while the Decedent fought back with his fists. Despite evasive maneuvers and attempts to fight back, Decedent was ultimately unable to protect himself from the knife attack, especially after another inmate joined in the assault approximately one minute into the attack.

15.     Eventually HDSP staff appear in the window by the door into the room, but there was significant delay while they stood outside the door. Once the assailants became aware that HDSP staff were about to intervene, they ceased attacking the Decedent and laid face down on the floor. However, approximately two full minutes elapsed between the commencement of the incident and the actual entry of HDSP staff into the room.

16.     All inmates not involved in the altercation backed away from the location of the attack, and did not pose a reasonable or discernable threat to Defendants, so as to warrant the extended entry delay.

Law Offices of Eugene B. Chittock
2930 Riverside Drive
Susanville, CA 96130

17.     The lack of supervision of the Charlie Yard Day Room, coupled with grossly delayed intervention by HDSP staff created a heightened and substantial risk of harm to Decedent. Through the Strategic Offender Management Systems ("SOMS")[1] and other sources assessable to HDSP staff, Defendants knew that Decedent's attackers were inmates with known propensities for violence, and/or gang affiliations. Defendants' decision to permit the attackers to be in the day room with Decedent without adequate supervision posed a direct and particularized threat to Decedent.

18.     As soon as inmates became aware that HDSP staff was going to enter the Charlie Yard Day Room, the two attacking inmates immediately ceased the attack on Decedent.

19.     All of Defendant correctional officers responsible for overseeing the Charlie Yard Day Room were properly equipped and armed with batons, chemical weapons, and other tools. Further, on information and belief, at least one such officer located at an elevated control booth that oversees the room possessed additional weapons designed to quell attacks such as the one endured by Decedent. Despite such weaponry, expertise and training to intervene promptly in this sort of attack, Defendants refrained from doing so for an extended period of time, ignoring realistic opportunities to intervene and quell the attack. These Defendants knew, based on their training and observations that failing to promptly intervene in the attack would very likely cause substantial injuries or death to Decedent.

20.     After HDSP officers and medical staff finally entered the room, substandard and deliberately indifferent medical attention was provided to Decedent, and was insufficient to save his life. This includes, but is not limited to, failing to take prompt action to apply direct pressure to wounds to prevent hemorrhage and air embolism.

21.     Prior to the attack, HDSP staff were aware that the Decedent might be targeted by other inmates and that his life was at risk from an attack such as the one that occurred.

---

[1] SOMS is the system utilized by CDCR to electronically monitor inmates' files, and is utilized by staff to determine housing, and what sort of special needs/restrictions a particular inmate may have. SOMS keeps track of information such as gang affiliations, violent propensities etc.

LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130

22. At no time was HDSP staff's failure to supervise, delay in responding to the attack, or eventual inadequate medical treatment based on any legitimate need to preserve order, discipline or other penological goal. Had HDSP staff promptly and reasonable intervened in the attack, or properly staffed/supervised the day room in the first place, Decedent would likely have survived.

23. As a direct and proximate result of the DOE Defendants' conduct, and the death of Decedent, plaintiffs sustained economic damages consisting of (1) the value of lost financial and other support from Decedent, (2) the value of gifts or benefits that Decedent would have provided, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that the Decedent would have provided.

24. As a direct and proximate result of the DOE Defendants' conduct, and the death of Decedent, plaintiffs sustained non-economic damages consisting of the loss of the Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

25. Also as a direct and proximate result of the DOE Defendants' conduct, Decedent experienced pre-death pain and suffering and lost his life. Plaintiffs YADIRA JASSO and A.J. seek survival damages for the Decedent's pre-death pain and suffering, loss of life, and loss of enjoyment of life.

### FIRST CLAIM FOR RELIEF
**Failure to Protect**
**(Eighth Amendment – 42 U.S.C. § 1983)**
**(By Plaintiffs YADIRA JASSO and A.J. against DOE Defendants)**

26. Plaintiffs incorporate by reference each and every allegation of this complaint as though fully set forth herein.

27. Title 42 of the United States Code, Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130

28.    The conduct complained of herein was undertaken pursuant to the policies, practices and customs of CDCR, an agency of the State of California, and was sanctioned and approved by the individual Defendants.

29.    Each DOE Defendant, acting under color of state law, through their own individual actions and through their policies, practices and customs, deprived Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth Amendment (made applicable to States via the Fourteenth Amendment), by subjecting him, or allowing others to subject him, to cruel and unusual punishment. Each DOE Defendant integrally participated in the violations of Decedent's civil rights and/or failed to intervene to prevent these violations.

30.    Defendants' conduct as alleged above violated the Eighth Amendment to the United States Constitution, which is made applicable to the states by the Fourteenth Amendment.  Under *Farmer v. Brennan*, 511 U.S. 825, 832, (1994), "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." (internal citations omitted). Prison officials, including the DOE Defendants, must "take reasonable measures to guarantee the safety of the inmates," *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984). "[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Cortes–Quinones v. Jimenez–Nettleship*, 842 F.2d 556, 558 (CA1) (internal quotation marks and citation omitted), cert. denied, 488 U.S. 823 (1988).

31.    Decedent was incarcerated under conditions posing a substantial risk of serious harm.

32.    Defendants' deprivation was sufficiently serious, and Defendants' actions resulted in the denial, to Decedent, of the minimal civilized measure of life's necessities.

33.    Defendants were deliberately indifferent to Decedent's serious needs, as well as deliberately indifferent to Decedent's health and safety. Defendants' actions toward Decedent were also reckless. "[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).

LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130

34.     Defendants knew that Decedent faced a serious risk of harm at the hands of his attackers because they were present and aware of the attack those inmates perpetrated. Moreover, upon information and belief, prior to the attack, HDSP staff, including the DOE Defendants, were aware that Decedent might be targeted by other inmates and that his life was at risk from an attack.

35.     Defendants knew their conduct in failing to intervene to quell the attack for an extended period of time posed substantial and obvious risks of harm to Decedent. By failing to physically intervene for this period of time, DOE Defendants consciously disregarded obvious risks to Decedent.

36.     As a direct and proximate result of the DOE Defendants' actions, Decedent endured pain and suffering prior to his death and lost his life, enjoyment of life, and earning capacity. Plaintiffs YADIRA JASSO and A.J. therefore seek survival damages on this claim. Plaintiffs have also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

37.     Plaintiffs are informed and believe and thereon allege that the DOE Defendants, and each of them, acted with malice toward Decedent, or acted with a willful and conscious disregard for the rights of Decedent in a despicable, vile, and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing the DOE Defendants and to deter them and others from such conduct in the future.

**SECOND CLAIM FOR RELIEF**
**Substantive Due Process, Interference with Familial Relations**
**(Fourteenth Amendment -- 42 U.S.C. § 1983)**
**(By All Plaintiffs against all Defendants)**

38.     Plaintiffs incorporate by reference each and every allegation of this complaint as though fully set forth herein.

39.     Plaintiffs have a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including

LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130

8

but not limited to unwarranted state interference in their familial relationship with their husband and father, Decedent.

40.    Defendants, and each of them, while acting under color of law, subjected Decedent, or caused Decedent to be subjected to the deprivation of his rights, privileges, or immunities secured by the Eighth Amendment to the United States Constitution which resulted in the death of Decedent without legal justification.

41.    All Plaintiffs shared a close, loving relationship with Decedent. YADIRA JASSO was the wife of Decedent at the time of his death. A.J. is Decedent's minor child. DONNA JASSO is the natural mother of Decedent. JAVIER JASSO is the Decedent's natural father. All Plaintiffs had an enduring relationship with Decedent, consistent involvement in Decedent's life, deep attachments to Decedent, and daily associations with Decedent. The Decedent's parents, DONNA JASSO and JAVIER JASSO, maintained consistent involvement in Decedent's life and participated in the child-rearing of Decedent prior to his death. Decedent maintained consistent involvement in A.J.'s life and participated in the child-rearing of A.J.

42.    By doing the acts complained of in this complaint, Defendants deprived all Plaintiffs of their liberty interest under the Fourteenth Amendment to the United States Constitution in the companionship of their husband, son and father. The death of Decedent was a direct result of the DOE Defendants' conscious disregard of the likelihood of substantial harm to Decedent unrelated to legitimate penological goals.

43.    As a direct and proximate result of the aforementioned conduct, Decedent suffered injuries, including pain and suffering, and then died, losing his earning capacity. Also, as a direct and proximate cause of the acts of Defendants, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, financial support, moral support, and guidance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

44.    The conduct of Defendants was willful, wanton, malicious, and done with a reckless disregard for the rights and safety of Decedent and for the rights of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to DOE Defendants.

LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130

9

45.     Plaintiffs bring these claims in their individual capacities and seek individual and wrongful death damages under this claim.

46.     Plaintiffs also seek attorney's fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

**Negligence Resulting In Pre-Death Pain/Suffering & Wrongful Death (Cal. Gov't Code § 844.6(d) & Cal. Code Civ. Proc., § 377.60)**
**(By Plaintiff A.J. against all Defendants)**

47.     Plaintiffs incorporate by reference each and every allegation of this complaint as though fully set forth herein.

48.     DOE Defendants owed a duty imposed by law to use reasonable care in conducting themselves as peace officers and supervising/monitoring the day room where inmates are confined. Similarly, Defendant medical staff owned a duty of reasonable care in conducting themselves as trained medical personnel would ordinarily exercise under like conditions and circumstances.

49.     DOE Defendants failed to exercise the degree of care and caution that a reasonable and prudent person would exercise under like conditions and circumstances. DOE Defendants failed to conform to a certain standard of conduct for the protection of Decedent against unreasonable risk of injury and death. This failure exposed Decedent to unreasonable risks of harm.

50.     DOE Defendants undertook the responsibility of providing correctional and medical services to Decedent for compensation, including supervising various areas of the prison and responding to attacks by other inmates. Similarly, Defendants failed to properly conduct a search of the inmates within the Charlie Yard Day Room prior to permitting inmates from interacting with each other, thereby allowing the attacker to possess an inmate manufactured weapon. As a result of DOE Defendants' failures to properly review SOMS/other inmate records, failure to supervise the day room, and other failures to exercise reasonable care, Decedent endured pain and suffering, and ultimately death, to his and Plaintiffs' damage.

Law Offices of Eugene B. Chittock
2930 Riverside Drive
Susanville, CA 96130

**COMPLAINT FOR DAMAGES**

51.     Decedent was particularly vulnerable in light of his incarceration and relied on Defendants (who had control over him), for protection from violent assault, which is not part of the penalty that criminal offenders pay for their offenses against society.

52.     Defendants breached their duties of care. The actions and inactions of Defendants were negligent and reckless.

53.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to repeatedly suffer severe pain and suffering and ultimately died. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

54.     Plaintiff A.J. brings this claim as a successor-in-interest to Decedent and in her individual capacity and seeks survival and wrongful death damages under this claim, including for Decedent's pre-death pain and suffering, loss of life, loss of earning capacity, and loss of enjoyment of life, as well as for Plaintiff's loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, financial support, moral support, and guidance. Plaintiff A.J. is also claiming medical expenses incurred by Decedent, funeral expenses, and loss of financial support on this claim.


**FOURTH CLAIM FOR RELIEF**
**Violation of the Bane Act (Cal. Gov. Code § 52.1)**
**(By Plaintiff A.J. against all Defendants)**

55.     Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint as though fully set forth herein.

56.     California Civil Code Section 52.1 ("the Bane Act"), prohibits any person from intentionally interfering with another person's constitutional rights. An intent to violate a person's constitutional rights can be shown by a reckless disregard for that person's constitutional rights.

57.     Here, the DOE Defendants acted with reckless disregard for Decedent's constitutional rights as set forth above. In particular, Defendants knew that Decedent was at risk

of being attacked by other inmates, yet failed to take any action to protect him from foreseeable attacks.

58.    When the DOE Defendants engaged in their misconduct and inactions as alleged above, these Defendants acted with reckless disregard for Decedent's constitutional rights, including his constitutional rights to be protected from violence at the hands of other inmates and to timely and adequate medical attention.

59.    The conduct of the DOE Defendants as alleged above was a substantial factor in causing Plaintiffs' and Decedent's harms, losses, injuries, and damages.

60.    The conduct of the DOE Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to these Defendants.

61.    As a direct and proximate result of the aforementioned conduct, Decedent suffered injuries, including pain and suffering, and then died, losing his earning capacity. Also, as a direct and proximate cause of the acts of the DOE Defendants as alleged above, Plaintiffs have suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

62.    Plaintiff A.J. brings this claim as a successor-in-interest to Decedent and seeks survival damages under this claim, including for Decedent's pain and suffering, loss of life, loss of earning capacity, and loss of enjoyment of life. Plaintiffs also seek reasonable costs, medical expenses, and funeral and burial expenses on this claim. Under the provisions of Cal. Civ. Code § 52, Defendants are also liable for reasonable attorney's fees and a civil penalty, including a multiplier.

## **FIFTH CLAIM FOR RELIEF**

### **(Violation of California Government Code Section 845.6, Failure to Summon Medical Care)**

### **(By Plaintiff A.J. against all Defendants)**

63.    Plaintiffs repeat and re-allege each and every allegation in the prior paragraphs of their Complaint with the same force and effect as if fully set forth herein.

64. Decedent was in obvious and critical need of emergency medical care and treatment as soon as he was attacked. Defendants did not summon medical care or permit medical personnel to treat Decedent at that time.

65. The deprivation of medical care to Decedent caused Decedent extreme physical and emotional pain and suffering, and was a contributing cause of Decedent's death.

66. California Government Code § 845.6 creates an affirmative duty for correctional officers and other prison or jail staff "to furnish or obtain medical care for a prisoner in his custody."

67. When Decedent was attacked, he desperately required prompt medical attention from the DOE Defendants. Defendants had actual knowledge of Decedent's need for immediate medical care and deliberately chose not to furnish Decedent with medical care. Defendants failed to discharge the duty imposed upon them by California Government Code § 845.6.

68. As a direct and proximate result of Defendants' acts and/or omissions, hereinabove described, Decedent suffered severe physical injury, resulting in his death. The conduct of Defendants was also a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

69. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to the DOE Defendants.

70. Plaintiff A.J. brings this claim as a successor-in-interest to Decedent and in her individual capacity and seeks survival and wrongful death damages under this claim, including for Decedent's pre-death pain and suffering, loss of life, loss of earning capacity, and loss of enjoyment of life, as well as for Plaintiff's loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, financial support, moral support, and guidance. Plaintiff A.J. is also claiming medical expenses incurred by Decedent, funeral expenses, and loss of financial support on this claim.

LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130

1

## PRAYER FOR RELIEF

2    WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

3    1.    General damages according to proof, believed to be in excess of $10,000,000;

4    2.    Special damages according to proof;

5    3.    Attorneys' fees under 42 U.S.C. §1988, Cal Gov. Code §52, et seq., and any other

6         appropriate statute;

7    4.    Punitive damages according to proof;

8    5.    Costs of suit; and

9    6.    Any other and further relief as this Court may deem appropriate.

10

11   DATED: August 25, 2025          LAW OFFICES OF EUGENE B. CHITTOCK

12                           By: _____
13                              Eugene B. Chittock
                               Attorney for Plaintiffs
14

15
16   DATED: August 25, 2025          LAW OFFICES OF DALE K. GALIPO

17
18                           By: _____
                               Dale K. Galipo
19                              Attorney for Plaintiffs

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

LAW OFFICES OF EUGENE B. CHITTOCK
2930 Riverside Drive
Susanville, CA 96130

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.


DATED: August 25, 2025                LAW OFFICES OF EUGENE B. CHITTOCK


By: _____
    Eugene B. Chittock
    Attorney for Plaintiffs


DATED: August 25, 2025                LAW OFFICES OF DALE K. GALIPO


By: _____
    Dale K. Galipo
    Attorney for Plaintiffs

**COMPLAINT FOR DAMAGES**